# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

HELI ALPESHKUMAR PATEL,                      )
                                             )
     *Plaintiff,*                              )     Case No. 1:26-cv-106
                                             )
v.                                           )     Judge Travis R. McDonough
                                             )
MARKWAYNE MULLIN, *et al.,*                   )     Magistrate Judge Michael J. Dumitru
                                             )
     *Defendant.*                              )

## ORDER

Before the Court is Plaintiff Heli Alpeshkumar Patel's motion for a temporary restraining order precluding Immigration and Customs Enforcement ("ICE") from detaining her at her upcoming adjustment-of-status interview (Doc. 1).  As ordered by the Court, the Government Defendants responded to Plaintiff's motion and oppose her request for a temporary restraining order.  (Doc. 12).  For the following reasons, the Court will **DENY** Plaintiff's motion (*id.*).

## I.        BACKGROUND

Plaintiff is a citizen of India residing in Cleveland, Tennessee.  (Doc. 1, at 2.)  She entered the United States on or about January 15, 2024, pursuant to a B-2 visa, which granted her authorization to remain in the United States for a period not to exceed July 14, 2024.  (Doc. 1, at 4; Doc. 1-1, at 15.)  Within a month of entering the United States, Plaintiff married Parth Patel, who was not a U.S. citizen at the time of their marriage but gained U.S. citizenship in November 2025.  (Doc. 1, at 2–3; Doc 1-1, at 2–3.)  Plaintiff's husband filed an I-130 petition for an alien relative with the United States Citizenship and Immigration Services ("USCIS") on August 26, 2024—over a month after Plaintiff's B-2 visa expired.  (Doc. 1-1, at 11.)

On April 15, 2025, Plaintiff filed a Form I-485—Application to Register Permanent Residence or Adjust Status. (Doc. 12-1, at 1.) On June 2, 2025, USCIS denied that application, noting that Plaintiff was "present in the United States contrary to law" when she filed her application. (*Id.* at 1–2.) In the notification of denial, USCIS informed Plaintiff that if she "[did] not intend to file a motion or appeal on this decision and fail[ed] to depart the United States within 33 days of the date of [the] letter, USCIS may issue [her] a Notice to Appear and commence removal proceedings against [her] with the immigration court." (*Id.* at 2.)

On December 22, 2025, Plaintiff filed another Form I-485. (Doc. 1-1, at 12.) On March 26, 2026, USCIS sent a request for Plaintiff to appear for initial interview to review her Form I-485; that interview is scheduled for May 1, 2026. (Doc. 1-1, at 13.) Separately, on March 16, 2026, Plaintiff was sent a notice to appear for a removal proceeding and ordered to appear before an immigration judge on May 18, 2026. (Doc. 1-1, at 15.)

Plaintiff filed this motion for a temporary restraining order on April 24, 2026, and requests that Defendants be enjoined "from arresting, detaining, or otherwise taking Plaintiff into custody at, during, or in connection with her scheduled USCIS interview on May 1, 2026." (Doc. 1, at 11–12.) Plaintiff further requests that the Court preliminarily and permanently enjoin Defendants "from undertaking any enforcement action that would materially interfere with or impeded Plaintiff's ability to pursue and obtain adjudication of her pending Form I-130, Petition for Alien Relative, and Form I-485, Application to Register Permanent Residence or Adjust Status." (*Id.*)

## II. STANDARD OF LAW

The purpose of a temporary restraining order ("TRO") is to preserve and maintain the status quo for a short period of time "so that a reasoned resolution of a dispute may be had." *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996). When

2

reviewing motions for TROs, courts must consider the following: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without an injunction; (3) whether granting the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting the injunction. *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) (citing *Am. Imaging Svcs., Inc. v. Eagle-Picher Indus.*, Inc., 963 F.2d 855, 858 (6th Cir. 1992)); *see also Midwest Retailer Associated, Ltd. v. City of Toled*o, 563 F. Supp. 2d 796, 802 (N.D. Ohio 2008) ("The same standard generally applies to the issuance of temporary restraining orders and preliminary injunctions."). These considerations are "factors to be balanced and not prerequisites that must each be satisfied" before relief may issue. *Eagle-Picher*, 963 F.2d at 859. Nor are they "rigid and unbending requirements"; rather, "[t]hese factors simply guide the discretion of the court." *Id*. The party seeking injunctive relief bears the burden of justifying such relief. *Id*.

## III.    ANALYSIS

### A.    Likelihood of Success on the Merits

As an initial matter, Plaintiff has not demonstrated a likelihood of success on the merits because the Court likely does not have subject-matter jurisdiction. Pursuant to Article III, Section 2 of the Constitution, federal courts are limited in their jurisdiction to resolving "Cases" and "Controversies." *See Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013). This limitation "restricts the authority of federal courts to resolving 'the legal rights of litigants in actual controversies.'" *Id.* (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982)). Thus, for a federal court to have jurisdiction over a particular case, a plaintiff must show that he possesses a "personal stake"—or "legally cognizable interest"—in the outcome. *Id.* ("This requirement ensures that the Federal

3

Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved.").

Article III, Section 2 also requires that a plaintiff have standing to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To have standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Daunt v. Benson*, 956 F.3d 396, 417 (6th Cir. 2020) (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). An injury, for standing purposes, means the "invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent.'" *Id.* (citing *Lujan*, 504 U.S. at 560). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo*, 136 S. Ct. at 1548. A "concrete" injury in fact does not have to be tangible, but it must be "'real,' and not 'abstract.'" *Id.* Further, "[w]here plaintiffs seek to establish standing based on an imminent injury, the Supreme Court has explained 'that "threatened injury must be *certainly impending* to constitute injury in fact," and that "[a]llegations of *possible* future injury" are not sufficient.'" *Galaria v. Nationwide Mut. Ins. Co.*, 663 F. App'x 384, 388 (6th Cir. 2016) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (emphasis in original)).

Additionally, federal courts do not have jurisdiction over claims that are not ripe. *Norton v. Ashcroft,* 298 F.3d 547, 554 (6th Cir. 2002). Standing and ripeness "'originate from the same Article III limitation' and may be analyzed together as part of 'standing'" because the inquiries often overlap. *Platt v. Bd. of Comm'rs on Grievances & Discipline of Ohio Sup. Ct.*, 769 F.3d, 447, 451 (6th Cir. 2014). Ripeness is a justiciability doctrine designed "to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Ky.*

4

*Press Ass'n v. Kentucky*, 454 F.3d 505, 509 (6th Cir. 2006) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580 (1985)).  "Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all." *Id.* (quoting *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 284 (6th Cir. 1997)).  Courts ask two questions to determine whether a claim is ripe for judicial review:  "(1) is the claim 'fit[] . . . for judicial decision' in the sense that it arises in a concrete factual context and concerns a dispute that is likely to come to pass? and (2) what is 'the hardship to the parties of withholding court consideration'?" *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008) (alterations in original) (citations omitted).

In this case, Plaintiff is unlikely to succeed on the merits of her claim because she has not demonstrated that there is an actual case or controversy, that she has standing to sue, or that her claim is ripe for adjudication.  As alleged, Plaintiff "fears" that she will be arrested and detained by ICE at her upcoming USCIS interview.  The fear of arrest and detention, however, is wholly speculative and not supported by any evidence reasonably suggesting that arrest and detention are imminent.  At this point in time, Plaintiff is not in ICE custody, and she has not offered any evidence reasonably suggesting that ICE will arrest and detain her, and, as a result, she has not demonstrated that she will imminently suffer an injury that is particular to her.  Rather, Plaintiff asks the Court to issue temporary injunctive relief based entirely on her speculation regarding future events that may not occur as anticipated.  Because Plaintiff's arrest and detention may not occur at her upcoming USCIS interview, she has not demonstrated that there is an actual case or controversy, that she has standing to sue, or that her claim is ripe for adjudication.  As a result, the Court likely does not have subject-matter jurisdiction, and Plaintiff has not met her burden of demonstrating that she is likely to succeed on the merits of her claims.

### B.  Irreparable Injury

Plaintiff also has not demonstrated that she is "likely to suffer irreparable harm in the absence of preliminary relief." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). "Issuing a [TRO] based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Plaintiff requests that the Court issue a TRO based solely on the possibility of arrest and detention. Without evidence reasonably suggesting that ICE imminently plans to arrest and detain her, there is insufficient evidence to demonstrate that Plaintiff is likely to suffer irreparable harm, and, as a result, Plaintiff has failed to meet her burden to show that she is entitled to injunctive relief.

### C.  Balance of Equities and Public Interest

Plaintiff has also failed to demonstrate that the balance of equities and the public interest militate in favor of issuing a temporary restraining order. When the government opposes the issuance of a temporary restraining order, the final two factors—the balance of equities and the public interest—merge, because the government's interest is the public interest. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). Plaintiff has not provided any evidence suggesting that there is a plan to arrest and detain her at her upcoming USCIS interview. Moreover, even if Plaintiff is arrested and detained, she maintains avenues in immigration court or through habeas corpus proceedings to challenge her arrest and detention. Under these circumstances, Plaintiff has failed to demonstrate that the balance of equities and public interest weigh in favor of issuing a temporary restraining order.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for a TRO (Doc. 1) is **DENIED**. The parties are **ORDERED** to file a status report on or before **May 4, 2026**, to fully and accurately disclose any changes in pertinent facts.

SO ORDERED.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

7